FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT 03 2019
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED STATES OF AMERICA,

v.

FRANCIS WHITMIRE,

                  Defendant.
-------------------------------------------------------------X

**MEMORANDUM & ORDER**
18-CR-219-2 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**
On January 25, 2019, Francis Whitmire ("Defendant") pled guilty to Counts One and Four of the Indictment. The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is hereby sentenced to 60 months of incarceration for Count One, 87 months of incarceration for Count Four, to run concurrently, 3 years of supervised release for each count to run concurrently, criminal forfeiture as agreed, and a $200.00 special assessment.

## BACKGROUND

On April 26, 2018, the Government filed a four-count Indictment charging Defendant with (1) Fire Arms Trafficking Conspiracy, in violation of 18 U.S.C. § 371, (2) Firearms Trafficking, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D), (3) Illegal Interstate Transfer of Firearms, in violation of 18 U.S.C. §§ 922(a)(5) and 924(a)(1)(D), and (4) being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Indictment ¶ 1, ECF No. 1. The Indictment also included a criminal forfeiture allegation. *Id.* ¶ 2. On January 25, 2019, Defendant pled guilty to Counts One and Four of the Indictment pursuant to a plea agreement. *See* Plea Agreement, ECF No. 40.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

# DISCUSSION

## I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing or varying "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

## II. Analysis

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Defendant was born on April 18, 1986 in Brooklyn, New York. Presentence Investigation Report ("PSR") ¶ 36, ECF No. 48. Defendant is the elder of two children born

2

from the marriage of Francis Alston and Hope Whitmire. *Id.* His mother resides with extended relatives in Brooklyn; she is unemployed and receives public assistance benefits. *Id.* Defendant advised his mother has remained supportive throughout the instant proceedings. *Id.* Defendant's younger brother, Lyndalle Whitmire, age 27, resides in Queens, New York, and works as a manager at a car repair shop. *Id.* ¶ 37. Defendant also has a paternal half-brother, Theodore Branton, age 32, who lives in Atlanta, Georgia. *Id.* Defendant advised he is close with both siblings, and they have remained supportive. *Id.*

Defendant was raised in a public housing development in Brooklyn. *Id.* ¶ 38. Defendant disclosed his parents were crack cocaine addicts—his family home was littered with crack cocaine vials and various drug paraphernalia. *Id.* According to Defendant, his mother continues to use drugs and is unwilling to seek treatment; nevertheless, he loves her and hopes she will turn her life around. *Id.* In 2002, when Defendant was age 16, his father was murdered as an innocent bystander caught in a street shooting. *Id.* ¶¶ 36, 39. Defendant advised he "had to grow up fast" because he had to look after himself and care for his younger brother due to his parents' absence. *Id.* ¶ 39. When possible, his grandmother assisted with caretaking responsibilities. *Id.* From 2000 to 2012, Defendant attended Boys and Girls High School in Brooklyn and left upon completing tenth grade. *Id.* ¶ 49. Defendant advised he was expelled for fighting with another student who stole his lunch money and later dropped out. *Id.* In June 19, 2008, Defendant obtained his high school equivalency diploma. *Id.* ¶ 48.

In July 12, 2014, Defendant married Andrea Lacole Gilyard, age 30, in Georgetown South Carolina. *Id.* ¶ 40. They relocated from New York to South Carolina, where they resided until Defendant's instant arrest. *Id.* Defendant's wife works as a security guard and home health care aide. *Id.* Despite the instant conviction, Defendant and his wife have a solid marriage. *Id.* ¶

3

41. His wife noted Defendant is "an upstanding guy" who is intelligent and generous towards others. *Id.* His wife also disclosed her family is saddened over Defendant's incarceration, and they continue to love and support him. *Id.* Indeed, Defendant submitted to the Court numerous letters of support from various friends, family members, and co-workers.

Defendant reported he has suffered from asthma since childhood. *Id.* at 45. In early 2019, Defendant developed an unspecified infection when the heating system failed at the Metropolitan Detention Center ("MDC"), and he has ongoing respiratory issues. *Id.* Defendant has no history of mental health treatment or disorders and has never used illegal drugs or abused alcohol. *Id.* Defendant has held jobs as a machine operator at a steel plant, a maintenance worker and painter at a museum, a warehouse worker at a United Parcel Service facility, a cart attendant at a Walmart, a sales assistant at a Target, and a part-time dishwasher position at a restaurant. *Id.* ¶¶ 51-57.

With respect to the underlying offense, between April 2017 and January 2018, Defendant illegally sold firearms with co-defendant Darrell Spruill, an associate of the Brooklyn-based Boss Family street gang. *Id.* ¶¶ 1, 3. Defendant obtained firearms in South Carolina and transported them to Spruill, who sold the guns to undercover New York City Police Department detectives on numerous occasions. *Id.* ¶¶ 3-4. Defendant is accountable for 13 firearms, including a high capacity magazine sold to an undercover officer. *Id.* ¶ 7.

Defendant has been incarcerated at the MDC since his arrest for the instant offense. Defendant has incurred no disciplinary infractions while in custody and has an orderly work assignment. *Id.* ¶ 43.

4

## B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense and punishes Defendant accordingly. It seeks to deter Defendant from further criminal activity and illicit activity involving firearms, which threatens the safety of the community of the people in the Eastern District of New York.

## C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Count One of the Indictment, charging him with firearms trafficking conspiracy, and Count Four of the Indictment, charging him with being a felon in possession of a firearm. *See* Plea Agreement. By statute, Defendant faces a maximum term of imprisonment of five years for Count One, *see* 18 U.S.C. § 371, and a maximum term of imprisonment of ten years for Count Four, *see id.* §§ 922(g)(1), 924(a)(2). For each count, Defendant faces a maximum term of supervised release of three years, *id.* § 3583(b)(2); a maximum fine of $250,000.00, *id.* § 3571(b); forfeiture, *id.* § 981(a)(1)(C); and a special assessment of $100.00, *id.* § 3013. Defendant is statutorily eligible for between one- and five-

years of probation because Count One is a Class D felony and Count Four is a Class C felony. *Id.* § 3561(c)(1).

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" *Id.* § 3553(a)(4)(A).

The applicable Guideline for the offense is Guideline § 2K2.1(a), which provides a base offense level of 20. *See* United States Sentencing Commission, Guidelines Manual ("USSG") § 2K2.1(a)(4). Because the offense involved thirteen firearms, four levels are added pursuant to USSG § 2K2.1(b)(1)(B), and because Defendant engaged in firearms trafficking, an additional four levels are added pursuant to USSG § 2K2.1(b)(5).

Defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. USSG § 3E1.1(a). Because the Government was notified in a timely manner of Defendant's intention to enter a plea of guilty, the offense level is decreased by one additional level. USSG § 3E1.1(b). Accordingly, Defendant's total offense level is 25.

Given a total offense level of 25 and a criminal history category of III, the Guidelines suggest a term of imprisonment of 70 to 87 months. USSG Ch. 5, Part A. All parties agree with this Guidelines calculation. *See* Addendum to the Presentence Report, ECF No. 48; Def. Sentencing Mem. at 2, ECF No. 53, Gov't Sentencing Mem. at 1, ECF No. 54. For both counts, the Guidelines further recommend a term of supervised release of one to three years, *id.* §

5D1.2(a)(2); and a fine of between $20,000.00 and $200,000.00, *id.* § 5E1.2(c)(3). The Guidelines further suggest Defendant is ineligible for probation. *Id.* § 5B1.1 n.2.

Probation recommends a Guidelines-range sentence of 60 months of imprisonment for Count 1 and 87 months of imprisonment for Count 4 to run concurrently, followed by two years of supervised release on each count to run concurrently, with special conditions. Probation Revised Sentencing Recommendation at 1, ECF No. 49-1. Probation also recommends Defendant comply with the forfeiture clause outlined in the plea agreement, as well as a search condition. *Id.* Defense counsel requests a sentence of five years—that is, 60 months custody. Def. Sentencing Mem. at 6. The Government requests a sentence within the Guidelines range of 70 to 87 months. Gov't Sentencing Mem. at 1.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5). This factor is not relevant to Defendant's sentencing.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). This factor is not applicable to Defendant's sentencing. *See* Plea Agreement ¶ 1(e).

### CONCLUSION

A sentence of 60 months of incarceration for Count One, and 87 months of incarceration for Count Four, to run concurrently, followed by 3 years of supervised release for each count to run concurrently, criminal forfeiture as set forth in the Order of Forfeiture, and a $200.00 special assessment is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and the addenda, barring any errors contained therein, to the extent they are consistent with this opinion. The Court imposes the special conditions of release proposed by the Probation Department.

SO ORDERED.

s/WFK
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: October 3, 2019
Brooklyn, New York